UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

L.B. et al.,

                    Plaintiffs,

–v–

New York City Dept of Ed,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 22 2015

15-CV-3176 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On September 18, 2015, the parties in the above-captioned matter jointly requested that the record of the minor child Plaintiff's administrative determination pursuant to the IDEA be filed under seal. *See* Dkt. No. 12. The parties further indicate that this action will likely be resolved by cross-motions for summary judgment on the basis of the administrative record.

    Under prevailing Second Circuit law, "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). "[T]he presumption of access [to these judicial documents] can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id.* at 126. Such "countervailing factors" include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The fact that particular records have not "historically been open to the press and general public" weighs in favor of sealing. *Id.* Relatedly, "the degree to which the subject matter is traditionally considered private rather than public" is an important consideration. *Amodeo*, 71 F.3d at 1051.

Under this framework, "higher values necessitate a narrowly tailored sealing" of the minor child Plaintiff's administrative records. *See Lugosch,* 435 F.3d at 126. The administrative record here includes the minor child Plaintiff's "educational and medical history and evaluations." *See* Dkt. No. 12 at 3. These educational records and related administrative proceedings are not "open to the press and general public." *See* 20 U.S.C. § 1232g(b) (prohibiting release of education records without written consent of parents); 34 C.F.R. § 300.512(c)(2) (permitting parents to choose whether a hearing is open or closed to the public). For these reasons, courts in this Circuit have routinely allowed administrative records underlying IDEA cases to be filed under seal to protect the privacy interests of minor child plaintiffs. *See, e.g., C.L. v. Scarsdale Union Free Sch. Dist.,* 913 F. Supp. 2d 26, 30 (S.D.N.Y. 2012); *A.M. ex rel. Y.N. v. New York City Dep't of Educ.,* 964 F. Supp. 2d 270, 277 (S.D.N.Y. 2013).

In sum, protecting the privacy interests of the minor child Plaintiff in keeping confidential that child's education and medical history constitutes a "compelling reason" to seal the record and outweighs the public's interest in access. As a result, the Court orders that the parties may file a copy of the certified administrative record in this case under seal.

SO ORDERED.

Dated: September 22, 2015
New York, New York

ALISON J. NATHAN
United States District Judge